PITMAN, J.
|,Jarrod C. Wallace (“Wallace”) and America First Insurance, Defendants, appeal a judgment awarding Plaintiff, James G. Lewis, special damages of $3,590.44 and general damages of $9,016.20 for injuries sustained or preexisting injuries aggravated in a collision on November 24, 2010. Since the record contains insufficient evidence to establish that Plaintiff was involved in the collision and, as a result, aggravated his preexisting conditions, and for the reasons set forth herein, we reverse the trial court and the Plaintiffs action is dismissed with prejudice.

*1230
FACTS

On November 24, 2010, Wallace was driving northeast on Forsythe Avenue in Monroe, Louisiana. Wallace rear-ended a vehicle, driven by Deborah Rainwater (“Vehicle 2”), who was stopped at the traffic signal at the intersection of Forsythe Avenue and Loop Road. Vehicle 2 then collided with the car in front of it, driven by Cassie Owens (“Vehicle 3”). Owens’s mother, Barbara Dean, was a passenger in Owens’s car at the time of the collision. Plaintiffs vehicle was directly in front of Vehicle 8 and Plaintiff filed the present suit alleging that his license plate was struck by the front bumper of Vehicle 3, causing his injuries, or aggravating his preexisting injuries.

Evidence

Plaintiff testified at trial that Vehicle 3 “knocked the devil out of him,” consequently aggravating a preexisting injury. He complained of back and neck pain. Plaintiff contends that his rear bumper was not hit, but that his license plate was struck by the front bumper of Vehicle 3. Plaintiff | ¡^introduced medical records into evidence, including pharmacy records and his treating physician’s report. Dr. J.D. Patterson had been treating Plaintiff for 12 years, and his records indicated that there was no change in treatment after the instant accident. Interestingly, merely four days after the accident, Plaintiff told Dr. Patterson that he was “slowing down in traffic” when he was hit.
Sergeant Jeff Sanders and Corporal Jay Smith, with the Monroe Police Department, investigated the accident at the scene. Sgt. Sanders is a 21-year veteran of the police department and is a certified accident reconstructionist. Sgt. Sanders testified that there was no evidence of contact between Vehicle 3 and Plaintiffs car. Upon first arriving at the scene, Sgt. Sanders did not consider that Plaintiffs car was involved because it was “10 feet apart” from the other three vehicles which were clearly damaged from the collision. It wasn’t until Plaintiff made contact with Sgt. Sanders that he included Plaintiffs vehicle in his investigation and report. Plaintiff testified that his foot came off the brake after he was allegedly hit, causing his car to roll forward for a few seconds. Sgt. Sanders reported no evidence of contact between the front bumper of Vehicle 3 and the rear of Plaintiffs car.
Sgt. Sanders’ report indicated that Vehicle 3 had a plastic license plate frame on the front bumper, which had no evidence of damage. Further, there were several rusty screws protruding from the front of Vehicle 3, but there were no corresponding marks found on Plaintiffs vehicle.
^Despite the police report and evidence to the contrary, Plaintiff testified that the investigating officers never spoke to him or inspected his vehicle for damage.
Sgt. Sanders was shown Plaintiffs license plate, which was entered into evidence at trial, and he testified that it was not in the same condition as it was at the scene when he investigated the accident. Sgt. Sanders recalled examining Plaintiffs license plate immediately after the collision and not noting any markings indicating impact. The markings and dents on the license plate entered into evidence at trial did not match any that were present at the time of the investigation.
Plaintiffs license plate was visibly dented at the trial (April 2012), but the video taken by Wallace’s attorney at Plaintiffs deposition (August 2011) showed only a minor indentation on the license plate. The video was introduced into evidence, *1231 but disregarded by the trial court as unreliable and hard to see.
Barbara Dean, owner of and passenger in Vehicle 3, was called to testify at trial. She testified that there was no damage to the front of her vehicle and that she believed her car did not hit Plaintiffs car. Ms. Dean corroborated Sgt. Sanders’ testimony regarding the investigation of both the front of her vehicle and the rear end of Plaintiffs, finding no evidence of impact.
The trial court explained that it was “concerned about the testimony that was given by the police officer” and that the accident investigation was |4not as thorough as it should have been. The trial court determined that Plaintiff was the most credible witness, and so the ruling was in his favor.

DISCUSSION

It is well settled that a court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” See Rosell v. ESCO, 549 So.2d 840 (La.1989). In Welch v. Willis-Knighton Pierremont, 45,554 (La.App.2d Cir.11/17/10), 56 So.3d 242, writs denied, 11-0075 (La.2/25/11), 58 So.3d 457, and 11-0109 (La.2/25/11), 58 So.3d 459, this court explained that to reverse a trial court, the appellate court must find that a reasonable factual basis does not exist in the record for the finding and that the determination is clearly wrong. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. If the documentary or objective evidence so contradicts the witness’s testimony, or the testimony is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the testimony, the appellate court may find manifest error even where the finding is purportedly based on a credibility determination. Absent a finding of clear error and if the fact finder’s conclusion is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Welch v. Willis-Knighton Pierremont, supra.
In a personal injury action seeking damages, the plaintiff has the burden of proving a causal relationship between the accident and any alleged injuries. The plaintiff must prove causation by a preponderance of |Bthe evidence. That burden is satisfied when the plaintiff proves through medical and lay testimony that it was more probable than not that the injury was caused by the accident. Bradshaw v. Brookshire Grocery Co., 38,960 (La.App.2d Cir.10/27/04), 886 So.2d 623.
Whether the accident caused the plaintiffs injuries is a factual question which should not be reversed on appeal absent manifest error. Reversal is warranted only if the appellate court finds that a reasonable factual basis for the trial court’s finding does not exist in the record and that the finding is clearly wrong on the record. Bradshaw, supra.
We find that a reasonable factual basis does not exist to support the finding that Plaintiff was involved in the November 24, 2010 accident, or that his injuries were sustained or worsened by the incident. The trial court’s decision was clearly wrong. The evidence presented does not support a finding that Plaintiffs vehicle was struck by Vehicle 3, and a decision to the contrary is manifestly erroneous.

CONCLUSION

For the foregoing reasons, the judgment of the trial court finding Defendant, Jarrod *1232 C. Wallace, liable and awarding Plaintiff, James G. Lewis, special damages of $8,590.44 and general damages of $9,016.20 for injuries sustained is reversed, and Plaintiffs action is dismissed with prejudice. Costs of appeal are assessed to Plaintiff, James G. Lewis.
REVERSED.